LLOMPART ET AL., PETITIONERS, *v.* DISTRICT JUDGE OF HUMACAO, RESPONDENT.

PETITION for a Writ of Certiorari to the District Judge of Humacao in a Foreclosure Proceeding.

No. 269.—Decided March 26, 1920.

CERTIORARI.—When a writ of certiorari is issued and the record brought up does not show that the petitioner has a clear right to the remedy sought, the writ will be discharged.

The facts are stated in the opinion.

*Messrs. M. Tous Soto* and *Rafael Arce* for the petitioners.

*Mr. Francisco González* for the respondent.

° MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

We have before us for review the original proceeding·

brought in the District Court of Humacao by Antero, Natalio, Andrea and Concepción Llompart y Pereira against Isolina Díaz y Rodríguez for the foreclosure of a mortgage. The case came here on a writ of certiorari directed to the lower court at the petition of plaintiffs Llompart y Pereira who pray this court to set aside the order entered by the lower court on December 8, 1919, vacating a previous order of October 18, 1919, for the issue of process in the foreclosure proceeding.

In the original complaint dated October 8, 1919, the plaintiffs allege that by a public deed of May 28, 1902, recorded in the Registry of Property of Caguas, Juana Borrás y Ginard mortgaged to Jaime Llompart Prats a house belonging to her to secure a loan of $2,000 payable on May 28, 1907, at the rate of $400 annually, together with interest thereon at twelve per cent up to the sum of $1,200 and $100 for court expenses; that Jaime Llompart died on December 19, 1905, and by an order of the District Court of Humacao of April 2, 1919, *his four illegitimate acknowledged natural children,* the plaintiffs, were designated as his heirs and recorded their hereditary rights in the said registry; that Isolina Díaz Rodríguez, by virtue of several conveyances, became the owner of the mortgaged property under a public deed of July 19, 1911; that the amout of the loan and the interest thereon were not paid when due; that the said house is also subject to a senior mortgage now held by Pedro Orcasitas Muñoz as assignee, and to an attachment in favor of Celestino Solá Rodríguez; that the debt amounts to $3,200, or $2,000 as principal and $1,200 as interest; that the plaintiffs bind themselves to pay whatever damages the debtor or interested third persons may suffer through malice or negligence in stating the facts.

The complaint concludes with a prayer for process against Isolina Díaz Rodríguez demanding that she pay to the plaintiffs within thirty days from the date of demand the sum

of $2,000 as principal and $1,200 as interest, together with $100 as reimbursement for the costs, and warning her that if payment is not made the marshal will be ordered to sell the mortgaged property, notice of the foreclosure to be served on Pedro Orcasitas Muñoz and Celestino Solá.

With the complaint there was exhibited the mortgage deed endorsed as having been recorded in the registry of property, and a certificate issued on September 24, 1919, by the Registrar of Property of Caguas, showing, according to the averment of the plaintiffs, compliance with the provisions of subdivision 3 of article 169 of the Regulations for the Execution of the Mortgage Law.

On October 18, 1919, the Humacao court ordered that process issue as prayed for and after Isolina Díaz Rodríguez had been summoned, or on November 29, 1919, she filed a motion for reconsideration and vacation of the order of October 18 on the principal ground that there was pending on appeal in this court another action between the same parties for the foreclosure of the same mortgage. Counsel for the plaintiffs opposed that motion, citing article 175 of the Regulations for the Execution of the Mortgage Law.

The court of Humacao, by an order of December 8, 1919, sustained the motion and set aside its order of October 18, expressing the opinion that article 175 of the Mortgage Law Regulations is not of strict application to a case like this and that there is no law or jurisprudence allowing the prosecution of two different actions for the collection of the same debt.

That is the order which the petitioners pray this court to set aside, leaving in full force and effect the order of October 18, 1919.

We have no doubt that the petitioners could have appealed from the said order of December 8, 1919, for it is equivalent to an order which would have originally denied the issue of process in foreclosure and such an order would

have been appealable under subdivision 2 of article 170 of the Mortgage Law Regulations.

But although an appeal does not preclude a resort to relief by certiorari when the latter is more adequate, speedy and effective for the ends of justice, we abstain from deciding whether the order sought to be set aside was entered in violation of article 175 of the Mortgage Law Regulations, for we would gain nothing by doing so, inasmuch as there are other questions of law involved in the case which are worthy of being considered before passing upon the legality of the said order.

In the original record before us there is no copy of the order whereby the petitioners were designated as the heirs of Jaime Llompart and that document is very important in view of the consequences that may arise from the designation of his four illegitimate acknowledged natural children, the petitioners, as the heirs of Llompart; nor does the certificate of the Registrar of Property of Caguas exhibited with the complaint contain *a literal copy* of the liens by which the mortgaged property is affected, nor of the records of the conveyances of said property to third persons. Nor does the complaint enumerate the legal reasons supporting the correctness, the subsistence and the demandability of the claim and the jurisdiction of the court, all of which requisites must be complied with, among others, in instituting foreclosure proceedings, as provided by article 169 of the Regulations for the Execution of the Mortgage Law.

Although the questions of law involved in the failure to comply with the said requisites in connection with the order vacating the former order for process against Isolina Díaz Rodríguez have not been duly argued before this court, some doubt has arisen in our minds after examining the record as to whether or not the order for process was made according to law, and it was incumbent upon the petitioners to establish clearly their right. Not being convinced that the

petitioners have a clear right, and considering that the writ of certiorari is not a writ of right, but that the court has discretion to grant or deny it as justice may demand in each case, the writ issued on December 19, 1919, will be discharged, remanding to the court of Humacao the original proceeding for such purposes as are not inconsistent with this opinion.

*Writ discharged.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.